THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDRE HOSKINS, | CASE NO. C18-1252-JCC |
| Plaintiff, | ORDER |
| v. | |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION, *et al*., | |
| Defendants. | |

This matter comes before the Court on Plaintiff's motion to amend complaint (Dkt. No. 12) and Defendants City of Seattle, Seattle Office for Civil Rights, and Seattle Public Library's (collectively, the "City") motion for a more definite statement (Dkt. No. 30). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS both motions for the reasons explained herein.

**I.   DISCUSSION**

  **A.  Motion to Amend**

Plaintiff filed his initial complaint in this matter on August 24, 2018, (Dkt. No. 1), and praecipes to issue summons were filed on September 5, 2018. (Dkt. Nos. 4, 5.) On September 10, 2018, Plaintiff filed a motion to amend his complaint pursuant to Federal Rule of Civil Procedure 15 and attached a proposed amended complaint. (Dkt. Nos. 12, 12-1.) A party may amend its

pleading once as a matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a)(1)(A). As Plaintiff filed his motion to amend within 21 days of serving his initial complaint in this matter, Plaintiff's motion is GRANTED. Plaintiff is instructed to amend his complaint in accordance with this order.

### B. Motion for a More Definite Statement

The City moves for a more definite statement seeking clarification of Plaintiff's claims against each of the named Defendants and the factual allegations underlying each of his claims. (Dkt. No. 30.) The City contends that Plaintiff's initial complaint (Dkt. No. 1) and proposed amended complaint (Dkt. No. 12-1) both do not comply with Federal Rules of Civil Procedure 8 and 10 and are too vague and confusing to allow a proper response. (Dkt. No. 30 at 5–9.)

A pleading must set forth: "a short and plain statement of the grounds for the court's jurisdiction; . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . and demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). In addition, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The party moving for a more definite statement must specify "the defects complained of and the details desired." *Id*. Although courts hold *pro se* plaintiffs to less stringent pleading standards than represented parties, *see Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995), courts may order *pro se* litigants to provide more definite statements rather than dismiss deficient complaints. *See, e.g.*, *Dorsey v. Am. Express Co.*, 499 F. Supp. 2d 1, 2 (D.D.C. 2007) (denying the defendants' motion to dismiss and granting the defendants' motion in the alternative for a more definite statement).

Both Plaintiff's initial complaint and his proposed amended complaint do not comply with Federal Rules of Civil Procedure 8 and 10, such that the named Defendants cannot

reasonably prepare a response. (*See* Dkt. Nos. 1, 12-1.) For example, Plaintiff's initial complaint intermixes factual allegations and legal arguments, does not clearly link Plaintiff's factual allegations to his relevant claims against each named Defendant, and does not set forth separate individual factual allegations and legal arguments in a way that would enable each named Defendant to respond to the claims against it. (*See generally* Dkt. No. 1); Fed. R. Civ. P. 8(a)(1); Fed. R. Civ. P. 10(b). Plaintiff's proposed amended complaint does not cure these deficiencies. The body of the proposed amended complaint appears to seek to clarify the jurisdictional bases of Plaintiff's initial complaint and his claimed damages. (*See* Dkt. No. 12-1.) Although Plaintiff's proposed amended complaint states that he "repeats and alleges each and every allegation set forth in the complaint," an amended complaint generally supersedes the original complaint. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2012) (collecting cases). Plaintiff's piecemeal correction of his initial complaint via his proposed amended complaint is not sufficient to serve as the operative complaint in this action and does not clarify Plaintiff's claims against each named Defendant or the factual allegations and legal argument underpinning those claims.

In response to the City's motion, Plaintiff contends that the motion "serves no purpose other than harassment and to prejudice" him, that the City has failed to timely answer his complaint, and that the City's motion is frivolous. (*See* Dkt. No. 32 at 2–3.) But Plaintiff has not shown why being required to file an amended complaint, which has requested to do, is harassing, prejudicial, or frivolous. Further, the City properly filed its motion for a more definite statement prior to filing a responsive pleading. Fed. R. Civ. P. 12(e).[1] Therefore, the City's motion for a

---

[1] Plaintiff's response to the City's motion extensively argues the merits of his case. (*See id*. at 2–12) (for example, arguing that a videotape of the underlying incident exonerates him). Plaintiff has also attached several documents that purportedly support his claims against the named Defendants. (*Id*. at 14–30.) Plaintiff's arguments and supporting documents do not show that the City acted improperly in moving for a more definite statement. Rather, these arguments and supporting documents are more appropriately put before the Court in Plaintiff's amended complaint, should he choose to file one.

more definite statement is GRANTED.

## II. CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend his complaint (Dkt. No. 12) is GRANTED. The City's motion for a more definite statement (Dkt. No. 30) is GRANTED. Plaintiff shall file an amended complaint no later than 30 days from the date this order is issued. Plaintiff's amended complaint must: (1) set forth Plaintiff's factual allegations without accompanying legal argument, in discrete numbered paragraphs; (2) set forth Plaintiff's legal claims against each named Defendant; and (3) specify the factual allegations relevant to each of his claims against each named Defendant. Plaintiff should incorporate the changes set forth in his proposed amended complaint into his amended complaint, as opposed to filing a separate document memorializing the changes. Plaintiff should also limit the material in his amended complaint to factual allegations and legal argument relevant to his claims.

The Clerk is DIRECTED to RENOTE Defendant American Civil Liberties Union Foundation's renewed motion to dismiss (Dkt. No. 23) to May 20, 2019.

DATED this 19th day of April 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE